## ASEL STEER v. ARNOLD STEER and others.

Under the act of the 17th of April 1823, parties and their counsel have a right to be
   present at the examinations of witnesses, and to cross examine in all cases: and
   this as well upon commissions issued to examine witnesses out of the state, as in
   other cases.

1825.       MR. P. S. PARKER for the complainant, moved to sup-
28th February. press depositions  taken under a commission to examine wit-
Practice.   nesses in the state of Rhode Island, upon affidavit, that the
witnesses were examined privately, and that liberty to cross
examine was denied, which he said was contrary to the late
act, 46 sess. ch. 182. sec. 16.

Mr. PLATT in opposition to the motion, read an affidavit,
that the instructions for the private examination were given by
mistake; the solicitor not having adverted to the difference
in the practice, which may result from the late act.

But he said, that he should take a further objection not in
his instructions, namely, that a commission issued to examine
witnesses out of the state, is not within the intent of the pro-
vision allowing parties to be present at the examination of
witnesses.   In such cases, there is no power to enforce the ex-
ecution of the commission, or to punish disorderly conduct,
or to protect the commissioners, if the party admitted to be
present should abuse the privilege, in order to defeat the exe-

cution of the commission. We have no laws to protect commissions from other states or countries, executed here. It is far most convenient that a commission like this should be executed privately by the commissioners. If it were otherwise, it might be necessary to send counsel to distant parts ; for foreign counsel could not perhaps, be properly instructed.

MR. SPENCER in reply. The right to be present is secured in all cases. The terms of the act are universal : and a commission may be sent to China.

This case was our examination of their witness. We omitted to file cross interrogatories, which by the effect of the statute are made unnecessary ; we are therefore deprived of the benefit of cross examination.

THE CHANCELLOR. The statute of the seventeenth day of April 1823, gives to the parties in every suit in this court, and their counsel, a right to be present at the examination of witnesses, and to cross examine the witnesses, as well before commissioners to take testimony, as before examiners. It is insisted by the counsel for the defendants, that this right is confined to examinations within the state, and that when a commission is issued, to examine witnesses out of the state, the parties must send written interrogatories with the commission, and that they have no right to attend the examination, or to put oral questions to the witnesses. In support of this distinction, some reasons are urged, which would have weight, if the court were at liberty, to institute a rule, upon this subject. But the statute makes no distinction between examinations out of the state, and those within it. It gives in clear and express terms, a right to attend and cross examine ; and the object of the legislature evidently, was, to abolish secret examinations of witnesses, in all cases.

The right to attend the examination and cross examine, having been refused in this case, these depositions must be suppressed. The error of the commissioners, was produced by the erroneous instructions of the defendants ; but an excuse for those instructions, is given ; and in the circumstances of the case, it is reasonable, that the defendants should have another commission.